PER CURIAM.
Defendant appeals from judgments of conviction and sentences for armed robbery, armed carjacking, and resisting an officer without violence. We reverse, as the trial court clearly erred when it denied the defendant’s motion to set aside the verdict.
During jury deliberations, a Special Agent of the Florida Department of Law Enforcement appeared in court to arrest a juror for mortgage fraud and grand theft. The court, the State Attorney, defense counsel, and the juror were aware of the imminent arrest. The juror was in a state of panic. Nevertheless, over defendant’s[1] objection and motion for mistrial, jury deliberations continued with the soon-to-be-arrested juror. The jury returned a verdict of guilty; the juror was arrested. The defendant moved to set the verdict aside. After considering the motion for *121 over two months, and despite having been provided a copy of the Florida Supreme Court’s decision in Lowrey v. State, 705 So.2d 1367 (Fla.1998), the trial court denied the motion to set aside the verdict and sentenced defendant.
The supreme court could not have been any clearer when it held that “the very foundation of our criminal justice process is compromised when a juror who is under criminal prosecution serves on a case that is being prosecuted by the same state attorney’s office that is prosecuting the juror.” Lowrey, 705 So.2d at 1369-70. See also § 40.013, Fla. Stat. (1997) (“No person who is under prosecution for any crime ... shall be qualified to serve as a juror.”). When, as here, a juror is being prosecuted by the same State Attorney’s office that is prosecuting the defendant being tried, there exists an inherent presumption of prejudice. Id.
In sum, the trial court erred when it denied the motion for mistrial and the motion to set aside the verdict. Under Lowrey, a new trial is required.
Reversed and remanded for a new trial.

. The defendant we refer to in this opinion is the appellant in this case, and not the juror who was prosecuted.